IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Irene Manigault, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:20-3437-BHH |
| v. ) | |
| ) | **ORDER** |
| Department of Veterans Affairs and ) | |
| United States of America, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This Federal Tort Claims Act ("FTCA") action arises out of an alleged slip-and-fall accident at the Ralph H. Johnson VA Medical Center ("the VA") in Charleston, South Carolina. Specifically, in her complaint, Plaintiff alleges that she was accompanying her husband to an appointment at the VA on October 3, 2018, when she slipped and fell in a public restroom due to a puddle of soapy water on the floor. Plaintiff alleges, among other things, that the United States was negligent in creating a hazardous condition, in failing to ensure that the area where Plaintiff fell was in a safe condition and free of liquid or debris that would create a dangerous condition, and in failing to warn and exercise reasonable care to maintain the premises in a reasonably safe condition.

On September 23, 2021, the United States filed a motion for summary judgment, asserting that there is no genuine dispute of material fact and citing the deposition testimony of four witnesses in support of their motion. Plaintiff's response to Defendant's motion was due by October 7, 2021, but Plaintiff failed to respond. The Court emailed Plaintiff's counsel twice, copying counsel for the United States, about Plaintiff's failure to respond, but to date the Court has received no response to its emails. (*See* emails

attached as Exhibit A.) Thus, it appears that Plaintiff no longer wishes to pursue this action and/or does not oppose the United States' motion for summary judgment.

## STANDARD OF REVIEW

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

Here Plaintiff was an invitee under South Carolina law, and the United States owed her a "duty of exercising ordinary care to keep the premises in reasonably safe condition." *Milligan v. Winn-Dixie Raleigh, Inc.*, 254 S.E.2d 798, 799 (S.C. 1979). For Plaintiff to recover damages for injuries caused by a dangerous or defective condition at the VA, she must show: "(1) that the injury was caused by a specific act of the defendant which created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 35, 542 S.E.2d 728, 729 (2001) (citations omitted). When a case involves a foreign substance, such as the soapy water on the floor alleged in this case, "the plaintiff must

demonstrate either that the substance was placed there by the defendant or its agents, or that the defendant had actual or constructive notice the substance was on the floor at the time of the slip and fall." *Id.*

In its motion for summary judgment, the United States first relies on Plaintiff's deposition testimony, where she testified that she noticed the puddle on the floor after her fall and admitted that she has no evidence to show that anyone at the VA knew the floor was wet prior to her fall. Next, the United States points to the deposition testimony of Aaron Killingbeck, the Chief of the Environmental Management Service at the VA, who testified that the public restrooms are cleaned twice daily and that the VA had no knowledge that the bathroom was in a dangerous condition when Plaintiff fell. The United States also relies on the deposition testimony of Mark Dedrick, who is a supervising lieutenant with the VA Police Department and who was the first person to arrive on the scene after Plaintiff's fall. According to Dedrick, he specifically looked for dangerous conditions in the bathroom at the time of Plaintiff's fall but did not see anything wet on the floor, on the mirror, or on the sink counter. Finally, the United States points to the deposition testimony of Michael Tucker, an Occupational Safety and Health Team Specialist at the VA, who testified that he arrived on the scene after being contacted by VA Police and looked at the condition of the floor and saw nothing except a spatter of blood. Tucker further testified that the VA maintains an incident log and that he created an entry for what he saw.

According to the United States, Plaintiff's negligence claim fails because she has not pointed to any evidence, aside from her own conclusory and unsupported allegations, to show that the United States failed to conform to conform their conduct to a reasonable

3

standard or otherwise acted negligently. The United States further asserts that Plaintiff fails to establish that the United States or its agents affirmatively placed water on the floor or that the United States had constructive notice of, and failed to remedy, a dangerous condition on the floor at the time of her fall.

After review, the Court agrees with the United States that it is entitled to summary judgment. First, as previously noted, Plaintiff has not filed any response to the motion for summary judgment, and it does not appear that she opposes the motion. Secondly, the Court agrees with the United States that Plaintiff has not pointed to any evidence, other than her own conclusory assertions, sufficient to establish the elements of her claim, or to otherwise create a genuine issue of material fact as to her claim. Ultimately, because no reasonable juror could find in favor of Plaintiff based on the evidence of record, the Court finds that the United States is entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, the Court grants the United States' unopposed motion for summary judgment (ECF No. 26).

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 19, 2021
Charleston, South Carolina